**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2171
_____

FRANK SLUPSKI,
Appellant

v.

NATIONWIDE MUTUAL INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-03999)
District Judge: Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2023

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges.*

(Filed: May 16, 2023)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Frank Slupski appeals the District Court's grant of Nationwide Mutual Insurance Company's motion for summary judgment and several rulings on related motions. Seeing no error, we will affirm.

## I.

Slupski was injured in an accident while driving a car owned by a customer of his employer Phoenixville Tire and Service. Because the driver that hit him was underinsured, Slupski sought underinsured motorist ("UIM") coverage from Nationwide, Phoenixville's insurer. But Nationwide denied his claim because Phoenixville's policy ("Policy") covered only employer-owned vehicles.

Slupski sued Nationwide alleging that the Policy ran afoul of Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §§ 1701 *et seq.* (the "MVFRL"). First, because the Policy did not extend to third-party vehicles and, second, given the general liability limit of $1,000,000 and UIM limit of $500,000. The District Court dismissed Slupski's claim after finding that he was not an insured under the Policy, but we reversed, holding the Policy could not be enforced because it violated the MVFRL's "strict and clear provisions" requiring that UIM coverage "be provided coextensively with the [general] liability coverage provided" unless waived in writing, *Slupski v. Nationwide Mut. Ins. Co.*, 801 F. App'x 850, 852, 855 (3d Cir. 2020).

Back in the District Court, Nationwide offered to settle for less than Slupski's UIM claim in exchange for Slupski releasing his bad-faith and class action claims. Slupski initially declined but the parties eventually settled the coverage claim only,

2

allowing Slupski to pursue the bad faith claims. The District Court granted Nationwide partial summary judgment, finding no genuine issue of material fact as to Slupski's statutory bad-faith claim under 42 Pa. C.S. § 8371. Although the common law bad-faith claim survived the summary judgment determination to the extent Slupski targeted Nationwide's conduct after our initial reversal, the District Court later held Slupski could not obtain compensatory and consequential damages for that claim. This ended the case, and Slupski now appeals.[1]

## II.

### A.    Summary Judgment

Claims of bad faith against an insurer under § 8371 require a showing, "by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); *see also Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015). That requires "evidence so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (quotation marks and citation omitted). "At the summary judgment stage, the insured's

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over orders granting a motion for summary judgment, viewing all "facts in the light most favorable to the nonmoving party and draw[ing] all inferences in the nonmoving party's favor." *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012).

burden in opposing a summary judgment motion brought by the insurer is commensurately high because the court must view the evidence presented in light of the substantive evidentiary burden at trial." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quotation marks and citation omitted). As a result, "all that is needed to defeat a claim of bad faith under § 8371 is evidence of a reasonable basis for the insurer's actions or inaction." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021).

At the time of Slupski's accident, the MVFRL required an insurer to "provide [ ]UIM coverage equal to the bodily injury liability coverage, unless the insured validly rejects [ ]UIM coverage or validly requests lower limits of coverage." *Weilacher v. State Farm Mut. Auto. Ins. Co.*, 65 A.3d 976, 983 (Pa. Super. Ct. 2013); *see also Ins. Fed'n of Pa., Inc. v. Commonwealth*, 889 A.2d 550, 554 (Pa. 2005); *Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 231 (3d Cir. 1992) ("[A]n insurance company cannot issue a policy in the Commonwealth of Pennsylvania unless it provides [ ]UIM coverage equal to the bodily injury liability coverage, except as provided in § 1734."); *Slupski*, 801 F. App'x at 852 (Under "the MVFRL, UIM coverage has to be provided coextensively with the liability coverage provided, unless certain provisions are met."). But the application of that rule to this dispute was uncertain because no federal or state court had directly addressed the interplay between a policy's non-owned-vehicle carveout and waiver of UIM coverage under the MVFRL. *See Slupski*, 801 F. App'x at 856 (Krause, J., concurring). Accordingly, Slupski's contention that Nationwide had no reasonable basis for denying his claim must fail since an insurer does not act in bad faith when its claim

4

denial is "based on a reasonable legal position in an unsettled area of the law."[2] *Babayan*, 430 F.3d at 137 n.22.

Slupski also argues that Nationwide's slow and unsatisfactory settlement offer constitutes bad faith under § 8371. But Slupski has not carried his burden to show through clear and convincing evidence that Nationwide knew or recklessly disregarded that it lacked a reasonable basis to contest his damages. *See Wolfe*, 790 F.3d at 498. Bad faith under § 8371 requires more than merely investigating and disputing "legitimate issues of coverage" during settlement negotiations. *Post*, 691 F.3d at 523 (citation omitted). As a result, Slupski has not surmounted the high bar for statutory bad-faith claims and has not proved that Nationwide's negotiating terms and tactics amounted to bad faith. *Cf. Gibson*, 994 F.3d at 191 (explaining that "evidence of a reasonable basis for the insurer's actions or inaction" is sufficient to defeat a claim of bad faith).

## B.     The Challenged Motions

Slupski also appeals the District Court's orders on several motions surrounding the summary judgment disposition. Assuming compliance with his obligation to identify these alleged errors with sufficient particularity, Fed. R. App. P. 28, we address each in

---

[2] This conclusion holds for Slupski's common law bad faith claim, despite the weaker *mens rea* standard requiring only that Nationwide acted "unreasonably" in handling Slupski's initial claim. *Birth Ctr. v. St. Paul Cos.*, 787 A.2d 376, 388 n.16 (2001). Because Nationwide had a reasonable basis for denying coverage, Slupski cannot show that Nationwide acted unreasonably in doing so.

turn.[3]

First, Slupski argues that the District Court should have recused because it was "unable to impartially and fairly adjudicate the remaining dispute" following our decision reversing the motion to dismiss. Opening Br. 38. A federal judge must recuse when her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Butt v. United Bhd. of Carpenters & Joiners of Am.*, 999 F.3d 882, 891 (3d Cir. 2021) (recusal not warranted where judge did not act with "bias, prejudice, or any other improper motive" (citation omitted)). Judges are called to reconsider their own decisions on remand in the ordinary course, and Slupski himself admitted that the District Court was "honorable, fair, and competent." Opening Br. 39. The District Court's impartiality cannot reasonably be questioned, and recusal was not required.

Second, Slupski contends, without authority, that the District Court should have granted his motion to file an amended class action complaint. While "delay alone is an insufficient ground to deny leave to amend," denial is proper if the delay "is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton v. NCAA*, 252 F.3d

---

[3] Although we look past some of Slupski's laconic arguments, we cannot do so for two of his assignments of error: 1) denying the motion to allow evidence of Nationwide's actions prior to our decision in *Slupski* and 2) granting Nationwide's motion to preclude compensatory and consequential damages. Slupski's argument for each is only one paragraph long and lacks "citations to the authorities and parts of the record on which [he] relies" or even "a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(8). When an appellant fails to set forth and address its arguments by omitting even such basic support, it does "not properly preserve[]" these arguments and "we typically decline to address" them. *Bastardo-Vale v. Att'y Gen.*, 934 F.3d 255, 268 (3d Cir. 2019) (en banc). We follow that practice here and leave the District Court's rulings on these motions undisturbed.

267, 273 (3d Cir. 2001); Fed. R. Civ. P. 15(a). The District Court, which noted that the motion was filed nearly two years after the initial complaint and several months after this Court had revived the suit, did not abuse its discretion in denying the motion as untimely and prejudicial.

Finally, Slupski argues that the District Court erred in granting Nationwide's motion to preclude his claim for emotional distress. Slupski relies on the Pennsylvania Supreme Court's acknowledgment of a "possibility . . . that emotional distress damages may be recoverable on a contract where . . . the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Birth Ctr. v. St. Paul Cos.*, 787 A.2d 376, 385 (Pa. 2001) (quoting *D'Ambrosio v. Pa. Nat. Mut. Cas. Ins. Co.*, 431 A.2d 966, 970 n.5 (Pa. 1981)). But Nationwide's failure to immediately accept his claim is not "particularly likely" to result in "serious emotional disturbance." Restatement (Second) of Contracts § 353 (1981). In *D'Ambrosio*, on which *Birth Center* relied, the Pennsylvania Supreme Court considered a denial of an insurance claim for a damaged motorboat and characterized the record there as "fall[ing] far short of establishing such a breach." 431 A.2d at 967, 970 n.5. The same is true here, and Slupski has not shown that the District Court's conclusion was erroneous.

### III.

For these reasons, we will affirm the District Court's judgment.